IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANTOINETTE NICOLE BROWN SLAUGHTER, KATRINA LAVERNE BROWN HARRISON, EVELYN DELAINE BROWN JONES, and MARCIA LATANZA BROWN, | ) ) ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) ) | 1:18CV237 |
| MAXINE PATRICIA BROWN PIPPEN *and husband*, MICHAEL J. PIPPEN, | ) ) ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

On April 28, 2016, Petitioners filed a Petition to Partition in Guilford County Superior Court, seeking the partition by sale of certain real property against Respondents, pursuant to North Carolina General Statute § 46-22. (ECF No. 1 ¶ 2; ECF No. 9 at 2.) Following substantial litigation in state court, including multiple orders by the state court and appeals by Respondents, (*see* ECF Nos. 7, 7-1 to 7-7), Respondents filed a Notice of Removal to this Court on March 22, 2018, (ECF No. 1). Respondents are appearing *pro se* in this proceeding. (*See* ECF Nos. 5, 6.) Before the Court are Petitioners' Motion to Remand and Motion for Attorney's Fees and Costs ("Motion to Remand"), (ECF No. 8), Respondents' Motions to Strike Petitioners' Motion to Remand and Strike Petitioners' Motion for Attorney's Fees and Costs, (ECF Nos. 12, 14), and Respondents' Motion to Amend Notice of Removal

Jurisdiction, (ECF No. 16). Because this Court concludes that it lacks subject matter jurisdiction to entertain this matter, Petitioners' Motion to Remand will be granted, including their request for attorney's fees, and all remaining motions will be denied as moot.

I. **MOTION TO REMAND**

Petitioners make two arguments in support of their motion to remand this matter to state court: (a) that this Court does not have subject matter jurisdiction over this petition, and (b) that Respondents' removal was untimely. (ECF No. 9 at 5, 9.) Respondents, on the other hand, are seeking to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331, arguing that "[t]his action arise [sic] [under] the United State [sic] Constitution Fourteen [sic] Amendment." (ECF No. 1 ¶¶ 9–10.)

Subject matter jurisdiction relates to the Court's power to hear this case. *Holloway v. Pagan River Dockside Seafood, Inc.,* 669 F.3d 448, 453 (4th Cir. 2012) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Thus, the Court must address this issue before addressing other issues in the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The burden of establishing subject matter jurisdiction rests with the party seeking removal. *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). Those seeking the removal of a case from state court to federal court may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). However, remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The court must

strictly construe its removal jurisdiction, and if jurisdiction is doubtful, remand is necessary.[1] *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008).

Thus, the critical inquiry here is "whether [this] claim could have been brought originally in federal district court." *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) (quoting *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 424 (4th Cir. 2003)). Under 28 U.S.C. § 1331, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Courts generally use the "well-pleaded complaint rule" to determine whether federal question jurisdiction exists, thus asking the question whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A civil action can 'arise under' federal law in two ways." *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014). "Most commonly, 'a case arises under federal law when federal law creates the cause of action asserted.'" *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). Here, all of Petitioners' claims originate in state law. (*See* ECF No. 1-1 at 2.) The Court must therefore determine whether Petitioner's action falls within the "slim category" of state law cases where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

---

[1] "On a motion to remand for lack of subject matter jurisdiction, the court may consider materials outside of the complaint including 'documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis' and may assume the truth of facts raised in the complaint that are non-jurisdictional." *BGC Partners Inc. v. Avison Young (Canada) Inc.*, No. 2:15-cv-02057-DCN, 2015 WL 7458593, at *1 n.2 (D.S.C. Nov. 24, 2015) (quoting *Romano v. Kazacos*, 609 F.3d 512, 520 & n.4 (2d Cir. 2010)).

Respondents in this case have not identified any federal issue raised by Petitioners' claims, nor have they addressed any of the remaining requirements articulated by the Supreme Court in *Gunn*. Rather, Respondents argue that the state court proceedings and the state statutes relied on in those proceedings are unconstitutional because they do not guarantee a right to a jury trial. (ECF No. 13 at 15; ECF No. 15 at 15.) However, as argued by Petitioners, "[t]he fact that a defense to the action may raise a federal question is immaterial" to the inquiry of whether a case arises under federal law for the purpose of removal. (ECF No. 9 at 12 (emphasis omitted)); *see City of Winston-Salem v. Chauffeurs, Teamsters & Helpers Local Union No. 391*, 470 F. Supp. 442, 447 (M.D.N.C. 1979) (quoting *Brough v. United Steelworkers of Am.*, 437 F.2d 748, 749 (1st Cir. 1971) (internal citations omitted)). In addition, "[a] suit brought under a state statute does not arise under federal law merely because federal law may invalidate the statute." *City of Winston-Salem*, 470 F. Supp. at 448 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)).

Here, the Petitioners' Amended Petition for Partition does not state a federal claim on its face, instead making their claim "pursuant to N.C. Gen. Stat. § 46-1 et seq. and N.C. Gen. Stat. § 46-22." (ECF No. 1-1 at 2.) Nor do Respondents' constitutional arguments form the basis of Petitioners' petition.[2] Consequently, this Court does not have federal question jurisdiction which can serve as the basis for removal by Respondents in this matter. Accordingly, this case will be remanded to state court.

---

[2] Respondents also argue that the state court did not have jurisdiction to rule on their constitutional claim, due to the special provisions laid out in N.C. Gen. Stat. § 1-267.1 regarding facial challenges to the constitutionality of state laws. (ECF No. 1 ¶ 8.) This argument does not satisfy the "well-pleaded complaint rule" and is therefore similarly unavailing.

Further, because this Court lacks subject matter jurisdiction, the Court need not address Petitioners' argument that Respondents' removal was untimely. Nor does Respondents' motion entitled, "Motion to Amend Notice of Removal Jurisdiction Pursuant [to] 28 U.S.C. § 1653," (ECF No. 16), which the Petitioners do not oppose, (ECF No. 17), affect the outcome of this Court's conclusion.

## II. ATTORNEY'S FEES

Petitioners also request in their Motion to Remand that attorney's fees be awarded pursuant to 28 U.S.C. § 1447(c). (*See* ECF No. 8.) 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has explained that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case," but a court's "reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c)." *Id.* at 141 (internal quotation marks omitted). These purposes include "deter[ring] removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140. The court need not find bad faith by the movant in order to award fees under § 1447(c). *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996).

Respondent's Notice of Removal, in the present case, lacked "an objectively reasonable basis for removal." *Martin*, 546 U.S. at 136. "[A] cursory examination [of the petition] would have revealed a lack of federal jurisdiction." *Lowe*, 102 F.3d at 733 n.2 (internal quotation marks omitted). Although Respondents are proceeding *pro se* in this matter, courts have granted fees pursuant to § 1447(c) when a removal action by a *pro se* party is based on a "fatally flawed theory[,] with no basis in law." *Sanders v. Farina*, 183 F. Supp. 3d 762, 763, 765 (E.D. Va.), *aff'd,* 669 F. App'x 184 (4th Cir. 2016) (per curiam). Further, the record reveals that Respondents were already aware that their litigation strategy of "persistent[ly] filing[ ] . . . motions and appeals asserting essentially the same positions" could result in negative consequences. (*See* ECF No. 9-5 at 3–4.) In a January 3, 2018 Order, in which the Guilford County Superior Court denied Petitioners' motion for sanctions against Respondents, the state court "informed" Respondents that "if their litigation tactics going forward continue in the vein that they have used to date, the authority to limit their access may well be exercised, and sanctions could also be imposed." (*Id.*)

Respondents had been warned about the consequences of their litigation strategy, yet they continued to use such a strategy to include filing in this Court a Notice of Removal that lacked any "objectively reasonable basis," *Martin*, 546 U.S. at 136. Accordingly, this Court will award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," 28 U.S.C. § 1447(c).

When awarding attorney's fees to a party, the Fourth Circuit has instructed courts to "determine[ ] a 'lodestar' figure by multiplying the number of reasonable hours expended times a reasonable rate." *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (quoting *Daly v. Hill*,

790 F.2d 1071, 1077 (4th Cir. 1986)); *Williamsburg Plantation, Inc. v. Bluegreen Corp.*, Civ.A. 4:06CV102, 2007 WL 445289, at *1, *4 (E.D. Va. Feb. 5, 2007) (applying such calculation to a § 1447(c) award of attorney's fees). The Fourth Circuit has provided twelve factors for courts to consider when awarding attorney's fees, including "the time and labor expended" and "the customary fee for like work." *Brodziak*, 145 F.3d at 196 (quoting *EEOC v. Serv. News Co.*, 898 F.2d 958, 965 (4th Cir. 1990)).

Petitioners have provided an affidavit listing Petitioners' attorney's hourly rates, which he states are "[t]he customary fee for attorneys in the Guilford County area with [his] level of experience," along with a "true and accurate summary of [his] time spent on this case." (ECF No. 10 ¶¶ 4–5.) Petitioners' attorney's bill of costs shows that he worked eight hours on this matter and that his customary fee is $250.00 per hour. (ECF No. 10-1.) The Court finds that Petitioners' rate and hours are reasonable. Therefore, Petitioners will be awarded attorney's fees of $2,000.00.

### III. CONCLUSION

Petitioners' Motion to Remand, (ECF No. 8), is granted. This action will be remanded to the General Court of Justice of North Carolina, Guilford County Superior Court Division. Respondents are also directed to pay Petitioners' attorney's fees of $2,000.00. (ECF No. 10-1.) Respondents' other outstanding motions, (ECF Nos. 12, 14, 16), are hereby denied as moot.

For the reasons stated herein, the Court enters the following:

**[ORDER TO FOLLOW ON NEXT PAGE]**

**ORDER**

IT IS THEREFORE ORDERED that Petitioners' Motion to Remand and Motion for Attorney's Fees and Costs, (ECF No. 8), is GRANTED. This case is now REMANDED to the General Court of Justice of North Carolina, Guilford County Superior Court Division.

IT IS FURTHER ORDERED that Respondents are directed to pay Petitioners' attorney's fees of $2,000.00 within 30 days of the entry of this Order.

IF IS FURTHER ORDERED that Respondents' remaining motions before this Court, (ECF Nos. 12, 14, 16), are DENIED as moot.

This, the 8th day of March, 2018.

/s/ Loretta C. Biggs
United States District Judge

.